## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

BILLY G. ASEMANI, # 339-096              *

Petitioner                                          *

v                                                        *              Civil Action Case No. RDB-11-3285

J. P. MORGAN, Warden, et al.            *

Respondents                                     *

                                        ***

### MEMORANDUM OPINION

Respondents,[1] by their counsel, have filed a response seeking dismissal of Petitioner Billy G. Asemani's 28 U.S.C. § 2254 Petition For Writ Of Habeas corpus on the grounds of failure to fully exhaust the claims presented before the state courts.  Upon review of the pleadings, the court finds no need for an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2); Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts.  For reasons to follow, the Petition will be dismissed for lack of exhaustion by separate Order.

### I.       PROCEDURAL BACKGROUND

In this Petition, Petitioner challenges his 2006 conviction in the Circuit Court for Howard County for  attempted second-degree murder.  On April 26, 2006, Asemani pleaded guilty in the Circuit Court for Howard County to attempted second-degree murder. Exhibit 1 at 4, 8. On October 18, 2006, he was sentenced to 30 years in prison.  *See id.*  Asemani did not file an application for leave to appeal the entry of his plea, *See id*

On April 9, 2007, Asemani's case was reopened for post-conviction purposes.  *See id.* at 10.  Since then, Asemani has filed many pro se pleadings in the Circuit Court for Howard County. *See id.* at 10-57.   Several pleadings concerned whether Asemani would continue to be represented

---

[1]  Petitioner is presently confined at Western Correctional Institution where Frank B. Bishop is Warden.  The proper party respondent as required by Rule 2(a), Rules Governing Section §2254 Cases in the United States is Petitioner's custodian, Frank Bishop. *See* Rule 2(a), 28 U.S.C.fol. § 2254; Fed. R. Civ. P. 25(d)(1).

in post-conviction proceedings by the Office of the Public Defender of Maryland.  *See id.*

On October 13, 2011, Asemani filed a motion to withdraw his post-conviction petition without  prejudice.  *See id.* at 57. On October 17, 2011, the Circuit Court for Howard County granted Asemani's motion to withdraw his post-conviction petition.  *See id.*; Paper No. 1 at 5.

 On January 3, 2012,  Asemani sought resolution of a pending petition for a writ of habeas corpus, and the State responded to the motion. Exhibit 2 at 35-36. The docket entries indicate that a hearing notice was issued on January 23, 2012.  *See id.*   According to records electronically accessed through the Maryland Judiciary Case Search website, the matter is  now pending in the Circuit Court for Howard County. [2]

**II.     EXHAUSTION**

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts.  See 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).   Exhaustion is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it.  For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari.  *See* Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301.

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals.  *See* Md. Crim. Proc. Code Ann. § 7-109.  If the Court of Special Appeals denies the application, there is

---

[2]  *See Maryland v. Ghafour Asemeni,* Case No. 13K05045163http://casesearch.courts.state.md.us/inquiry/inquiryDetail.

no further review available and the claim is exhausted.  *See* Md. Cts. & Jud. Proc. Code Ann., §12-202.  However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals.  *See Williams v. State*, 292 Md. 201, 210-11 (1981).

## III.   DISCUSSION

Asemani claims that he is unlawfully in state custody because he was provided ineffective assistance of counsel.  Petition, at 6.   He acknowledges, however, that he has yet to exhaust his remedies through the state post-conviction process.  ECF No. 12, p. 3.   Accordingly, the Petition will be dismissed without prejudice for lack of exhaustion.

## IV.   CERTIFICATE of APPEALABILITY

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a Certificate of Appealability ("C0A").  28 U.S.C.  § 2253(c)(1)(A). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th  Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Petitioner has not made the requisite showing and a Certificate of Appealability will be denied.

## V.      CONCLUSION

For the reasons stated herein, this Court will DISMISS the Petition WITHOUT PREJUDICE

for failure to exhaust available state court remedies.  A separate Order follows.


March 19, 2012                                    /s/
Date                                                                   RICHARD D. BENNETT
                                                                       UNITED STATES DISTRICT JUDGE